UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JACQUES CLINTON, | ) |
| Plaintiff, | ) ) |
| vs. | ) No. 2:11-cv-104-JMS-MJD ) |
| LT. BRACE, et al., | ) ) |
| Defendants. | ) |

**Entry Dismissing Insufficient Claims
and Directing Further Proceedings**

For the reasons explained in this Entry, legally insufficient claims asserted in the complaint filed by Jacques Clinton are **dismissed**, while other claims will **proceed** as directed.

**I.**

Clinton is a federal inmate formerly confined at the United States Penitentiary in Terre Haute, Indiana ("USP"). He alleges that while at the USP Officers Brace and Galilion physically injured him in violation of the Eighth Amendment. He seeks redress for this asserted violation of his federally secured rights pursuant to the theory recognized in *Bivens v. Six Unknown Federal Narcotics Agents,* 403 U.S. 38 (1971), and based on "applicable provisions of Indiana statutory, or common law, or administrative rules."

**II.**

Clinton shall have **through May 31, 2011,** in which to either pay the $350.00 filing fee for this action or demonstrate that he lacks the financial ability to do so. If he seeks leave to proceed *in forma pauperis*, his request must be accompanied by a copy of the transactions associated with his institution trust account for the 6-month period preceding the filing of this action on April 18, 2011.

**III.**

Clinton's complaint is subject to screening pursuant to 28 U.S.C. § 1915A(b). This statute requires that any complaint submitted by a prisoner, or any claim within such a complaint, be dismissed if the complaint or the claim fails to state a claim upon which relief can be granted. Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007).

Having conducted the screening referenced above, the claims against Warden Marberry are **dismissed** because there is no sufficient allegation of personal involvement by this defendant. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009)( "Because vicarious liability is inapplicable to *Bivens* . . . suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). In addition, the Fifth Amendment (due process) claim is **dismissed** because that is not the constitutional provision invoked by allegations in the complaint. *See Conyers v. Abitz,* 416 F.3d 580, 586 (7th Cir. 2005) ("[C]onstitutional claims must be addressed under the most applicable provision.").

No partial final judgment shall issue at this time as to the claims resolved in this Entry.

**IV.**

Claims against Lt. Brace and R. Galilion in their individual capacities shall **proceed.** The clerk shall issue process to these defendants. Process shall consist of a summons. Because the plaintiff is proceeding under the theory recognized in *Bivens,* **personal service is required.** *Robinson v. Turner,* 15 F.3d 82 (7th Cir. 1994). The Marshal for this District or his Deputy shall serve the summons, together with a copy of the complaint and a copy of this Entry, on the defendants and on the officials designated pursuant to *Fed. R. Civ. P.* 4(i)(2) and 4(i)(3) at the expense of the United States.

**IT IS SO ORDERED.**

Date: 05/05/2011

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

JACQUES CLINTON
40758-004
EDGEFIELD
FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 725
EDGEFIELD, SC 29824

United States Marshal
46 East Ohio Street
179 U.S. Courthouse
Indianapolis, IN 46204