# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JACQUES CLINTON, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | )  No. 2:11-cv-104-JMS-MJD |
| | ) |
| LT. BRACE, et al., | ) |
| | ) |
| Defendants. | ) |

**Entry Discussing Motion for Summary Judgment**

One of the claims in this action brought by Jacques Clinton pursuant to the theory recognized in *Bivens v. Six Unknown Federal Narcotics Agents,* 403 U.S. 38 (1971), is that while incarcerated at the United States Penitentiary in Terre Haute, Indiana ("USP") Senior Officer R. Gallion violated Clinton's Eighth Amendment rights by twisting and jerking his arm through the food slot with force sufficient to cause extreme pain. This incident allegedly occurred on December 24, 2009. The defendants seek resolution of this claim through the entry of summary judgment based on the argument that Clinton failed to comply with the exhaustion of administrative remedies requirement of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). For the reasons explained below the defendants' unopposed motion [22] is **granted.**

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 127 S. Ct. 1769, 1776 (2007). The nonmoving party bears the burden of demonstrating that such a genuine issue of material fact exists. *See Harney v. Speedway SuperAmerica,* LLC, 526 F.3d 1099, 1104 (7th Cir. 2008) (citing cases). "The nonmovant will successfully oppose summary judgment only when it presents definite, competent evidence to rebut the motion." *Vukadinovich v. Bd. of Sch. Trs.,* 278 F.3d 693, 699 (7th Cir. 2002) (internal quotation and citation omitted).

In acting on a motion for summary judgment, "[t]he applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996). The substantive law applicable to the motion for summary judgment is this: The PLRA requires that a prisoner exhaust his

available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.,* at 532 (citation omitted). "[T]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock,* 549 U.S. 199, 212 (2007). The exhaustion requirement of the PLRA is one of "proper exhaustion." *Woodford v. Ngo,* 548 U.S. 81, 84 (2006). This means that the prisoner plaintiff must have completed "the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Id.*

Exhaustion is an affirmative defense, and the burden of proof is on the defendants. *Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006) (citing *Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004)). In this case, the defendants have met that burden through their unopposed motion for summary judgment. *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."). By not responding to the motion for summary judgment, Clinton has conceded to the defendant's version of the facts. *Brasic v. Heinemann's Inc.,* 121 F.3d 281, 286 (7th Cir. 1997). This is the result of Local Rule 56.1(h), of which the plaintiff was notified.

The defendants have shown that there was a multi-step grievance procedure available to Clinton at the USP, that his claim of excessive force on December 24, 2009, was grievable, and that Clinton did not file administrative remedy requests at all required levels prior to filing suit as to the claim. The undisputed evidence establishes that Clinton did not properly exhaust administrative remedies available to him at the USP regarding the alleged December 24, 2009, incident before filing this action.

The consequence of Clinton's failure to properly exhaust his administrative remedies as to the December 2009 claim, in light of 42 U.S.C. § 1997e(a), is that such claim should not have been brought and must now be dismissed without prejudice. *See Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004) ("We therefore hold that all dismissals under § 1997e(a) should be without prejudice."). Accordingly, the defendants' motion for summary judgment [22] is **granted.**

**No partial final judgment shall issue at this time** as to the claim resolved in this Entry. The claim that Defendant Lt. Brace violated Clinton's constitutional rights in connection with a move from one cell to another on November 3, 2009, shall proceed.

**IT IS SO ORDERED.**

Date: 04/06/2012

*[signature]*
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution:**

**Jacques Clinton**
**1282 Sunset Blvd. #604**
**Jesup, GA31545**

**Jeffrey L. Hunter**
**United States Attorney's Office**
**jeff.hunter@usdoj.gov**